UNITED STATES DISTRICT COURT
__NORTHERN DISTRICT OF ILLINOIS__
EASTERN DIVISION

MR FREDRICK COCROFT - ID # N62451

HILL CORRECTIONAL CENTER

P.O. BOX 1700 GALESBURG, IL

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

THE UNIVERSITY of

ILLINOIS (CHICAGO) UIC

E.R. (ALL) EMERGIENCY

ROOM physician AND

STAFF

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**RECEIVED**

JAN 04 2016 ERG
1-4-16
**THOMAS G. BRUTON**
CLERK, U.S. DISTRICT COURT

16-cv-0080
Judge Robert Blakey
Magistrate Judge Mary M. Rowland
PC7

CHECK ONE ONLY:

✓　　　　COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____　　COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

_____　　OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: FREDRICK COCROFT

Prison Identification Number: N-62451

Current address: HILL CORRECTIONAL CENTER

P.O. BOX 1700 GALESBURG, IL

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: UNIVERSITY of ILLINOIS (CHICAGO)

Current Job Title: Hospital/Health CARE PROVIDER
EMERGENCY ROOM physician - DOCTOR

Current Work Address: 5841 SO MARYLAND AVE

CHICAGO, IL 60637

Defendant #2:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

Defendant #3:

Full Name: _____

III.   List **ALL** lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A.   Name of case and docket number: _NONE / N/A_

B.   Approximate date of filing lawsuit: _NONE / N/A_

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
     _NONE / N/A_

D.   List all defendants: _NONE / N/A_

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _N/A_

F.   Name of judge to whom case was assigned: _NONE / N/A_

G.   Basic claim made: _NONE / N/A_

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _N/A_

I.   Approximate date of disposition: _NONE / N/A_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

IV.  Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Now come(s) MR FREDRICK COCROFT - STATING A CLAIM OF MEDICAL MALPRACTICE - DELIBERATE, INDIFFERENCE, (CAUSING SEVERE HARM TO THE PLAINTIFF (ALSO) CONSTITUTIONAL VIOLATION(S) OF THE 5TH AND 14TH AMENDMENT(S) OF DUE PROCESS OF LAW (ALSO) PLAINTIFF BRING(S) AND APPLY(S) THE EQUAL PROTECTION CLAUSE OF DUE PROCESS (ALSO) SHOWING DISCRIMINATORY ACT(S) IN HIS TREATMENT BASE ON HIS INABILITY TO PAY, PLAINTIFF ENTERED (UNDER THE EMERGENCY CARE ACT- THE EMERGENCY ROOM WITH SEVERE HEAD TRAUMA BROKEN JAW - PLAINTIFF WAS AND CAN SHOW A DENIAL OF ADEQUATE AND PROPER MEDICAL TREATMENT (BY) THE ATTACHED NAMED DEFENDANT 1) THE UNIVERSITY OF ILLINOIS (CHICAGO)(UIC) (ALSO) FAILURE TO PROFORM A PROPER MEDICAL PROCEDURE CAUSING "PERMINENT DISFIGUREMENT OF THE FACE

4

: INJURIES CAUSED (BY) VIOLATION(S)

1.) SECONDARY INFECTION SET IN DUE TO
(UIC) FAILING TO GIVE PLAINTIFF COCROFT
A SUPPLY OF ANTI-BOTIC(S)

2.) IMPROPER MEDICAL PROCEDURE DONE WHICH
MISALIGNED THE JAW FAILED PROCEDURE

3.) CAN'T OPEN MOUTH TO WIDE WITHOUT SEVERE
PAIN.

4.) THE SECONDARY INFECTION CAUSED TISSUE
LOSS ON JAWLINE AND FACIAL DISFIGUREMENT

5.) NERVE DAMAGE TO THE JAWLINE / LOSS OF
FEELING NUMBNESS.
CAN'T CHEW FOOD ON THE BOTTOM LEFT SIDE
OF MOUTH.

6.) CONSTANT DIZZYNESS AND BECAUSE OF (ALL)
THESE ISSUE(S) I NOW SUFFER SEVERE ANXIETY
MENTAL DURESS, STRESS AND DEPRESSION
WHICH i AM NOW ON MEDICATION FOR (REVIEW)
ATTACHED DOCUMENTATION (MENTAL HEALTH CARE)
IN SUPPORT OF PLAINTIFF(S) CLAIM

5

8TH AMENDMENT VIOLATION CRUEL AND UNUSUAL PUNISHMENT - 5TH AMENDMENT VIOLATION

DENIAL of A SERIOUS MEDICAL NEED - NO PREVENTIVE CARE WAS GIVEN - UPON RELEASE FROM THE HOSPITAL THE PATIENT MR COCROFT WAS GIVEN ONLY A PRESCRIPTION "NO MEDICATION(S) NO ANTI-BIOTIC(S) TO PREVENT INFECTION AND/OR PAIN WHICH DID INFACT COME TO THE PATIENT ONE MONTH LATER.

THE PLAINTIFF CAME IN UNDER THE EMERGENCY ROOM AND WAS TO BE COVERED FOR COST UNDER THE EMERGENCY CITY AND STATE ACT OF (PUBLIC SERVICE AND SAFETY - INSTEAD MR COCROFT(S) TREATMENT WAS GROSSLY INADEQUATE WHICH LATER CAUSED HARM AND DISFIGUREMENT TO THE FACE OF THE PLAINTIFF.

IN THIS CASE THE PATIENT WAS TREATED ACCORDING TO HIS "INABILITY TO PAY DISCRIMINATORY PRACTICE.
- CIVIL LAW (CITED) DISREGARD FOR
- CONSEQUENCE(S) IN THIS ACTION MR COCROFT STATE(S) THAT THE MEDICAL PROFESSIONAL(S) IN THIS CASE SHOWED A CLEAR DISREGARD FOR HARMFUL CONSEQUENCE(S) TO THIS PATIENT / PLAINTIFF MR COCROFT.

## DELIBERATE INDIFFERENCE TO A SERIOUS
## MEDICAL NEED

PLAINTIFF STATE(S) SIGNIFICANT ACT(S) of UNREASONABLE-NESS, COMMITTED (BY) THE EMERGENCY ROOM physician IN THIS ACTUAL TREATMENT STAGE, of NAMED INJURY, physician FAILED TO USE REASONABLE JUDGEMENT IN PROVIDING ADEQUATE PREVENTIVE CARE MEDICATION(S).

: INDIFFERENT TO THE EFFECT THAT, THAT RECKLESS DECISION MAY CAUSE SERIOUS HARM TO THE PATIENT AND IN THIS CASE IT DID INFACT CAUSE A SECONDARY INFECTION HOSPITALIZING THE PLAINTIFF MR COCROFT AND CAUSING DISFIGUREMENT.

THE PLAINTIFF(S) SERIOUS MEDICAL NEED WAS OBVIOUS A BROKEN JAW (HEAD TRAUMA) REQUIRING SPECIALIZED SURGERY THIS WAS (ALSO) PROFORMED

· IN CORRECTLY - PLAINTIFF DID A FOLLOW UP IN TREATMENT (AT) STROGER(S) HOSPITAL WERE THE ATTENDING physician EX-RAY THE JAWLINE AND IT SHOWED A SERVERE MISALIGNMENT of THE JAW REQUIREING CORRECTIVE SURGERY TO CORRECT CONSTANT AND ONGOING PAIN TO DATE SUFFERED (BY) MR COCROFT.

## MENTAL DURESS SUFFERED (BY) PLAINTIFF

PLAINTIFF COCROFT NOW SUFFER(S) A ANXIETY DISORDER, AND HIGH BLOOD PRESSURE, AND DEPRESSION (ALL) REQUIRING MEDICATION - THESE AILEMENT(S)(ALL) HAS "SEVERELY AFFECTED THIS PLAINTIFF(S) ABILITY TO CORRESPOND WITH THIS COURT IN A TIMELY MANNER PLEASE BE ADVISED THAT THE PLAINTIFF BRING(S) THIS ACTION BASED ON IT(S) MERIT of ONGOING INJURIE(S) AND DISFIGUREMENT (ALL) WILL INFACT REQUIRE COSTLY EXPENSIVE CORRECTIVE SURGERY, PLAINTIFF WILL NEED MEDICAL COVERAGE TO COVER COST(S) TO CORRECT INJURIE(S) THE NERVE DAMAGE MOST LIKELY WILL NEVER BE CORRECTED PLAINTIFF SUFFERED DISFIGUREMENT WHICH WILL REQUIRE PLASTIC SURGERY TO ATTEMP TO COMPENSATE AND/OR CORRECT THE FACIAL DAMA-GE, DONE BE ALL IMPROPER MEDICAL PROCEDURE PROFORMED (BY) NAMED DEFENDANT UNIVERSITY of ILLINOIS CHICAGO (UIC).

## DUE PROCESS VIOLATION 5 TH AND 14 TH

### EQUAL PROTECTION CLAUSE

DISCRIMINATORY ACTION(S) SHOWN (BY) NAMED DEFENDANT(S) (UIC) UNIVERSITY of ILLINOIS CHICAGO IN THIS CASE FAILED TO PROVIDE ADEQUATE MEDICAL CARE BEING WELL AWARE of THE SERIOUS INJURY SUFFERED (BY) THE PLAINTIFF, THIS INFACT CAUSED INJURY TO THIS PATIENT.

AS FURTHER PROOF THIS PLAINTIFF CAN SHOWN THAT AFTER SUFFERING A SIERVERE HEAD INJURY HE WAS Only KEPT OVERNIGHT (NO PREVENITIVE CARE WAS GIVEN IN THIS CASE MR COCROFT WAS SENT OUT of HOSPITAL WITHOUT "FOLLOW UP MEDICATION(S) TO PREVENT FURTHER COMPLICATION(S) TO HIS INJURY DUE PROCESS IS VIOLATED (ALSO) WHERE A CLEAR INDIFFERENCE IS SHOWN (BY) A HEALTH CARE PROFESSIONAL IN FAILING TO "RECKCONIZE A CLEAR RISK of HARM TO THE PATIENT (DUE TO THIS NEGLIGENCE IN CASE

AS IS CITED IN THE ATTACHED CIVIL LAW THE PLAINTIFF CAN SHOW DIRECTLY INJURIE(S) CAUSED (BY) THE RECKLNESS ACTION of THE NAMED DEFENDANT. (UIC) IN IMPROPER TREATMENT AND A FAILED MEDICAL PROCEDURE.

- INADEQUATE MEDICATION - UPON LEAVING THE HOSPITAL MR COCROFT WAS GIVIN "NO MEDICATION
- WHICH IS IN ITSELF ABNORMAL AND IS "DELIBERATE MEDICAL MALPRACTICE - AS SUCH ACTION(s) DID INFACT CAUSE SEVERE HARM AND FURTHER COMPLICATION(s).

- A SECONDARY INFECTION DID SET IN CAUSING SEVERE PAIN, SWELLING AND TISSUE LOSS TO THE JAW AND DISFIGURE-MENT OF THE FACE
8TH AMENDMENT CLAIM PLAINTIFF STATE(s)
- CRUEL AND UNUSUAL PUNISHMENT
- DISFIGUREMENT
ONGOING PAIN AND SUFFERING
" CORRECTIVE SURGERY REQUIRED TO ALEVIATE THE PAIN
- SAME CONDITION(s) EXIT

INADEQUATE MEDICAL TREATMENT PLAINTIFF COCROFT WAS KEPT "ONLY ONE NIGHT IN THE HOSPITAL (UIC) "ANY MEDICAL PROFESSIONAL WOULD HAVE REALIZED THE GROSS ERROR IN INSUFFICIENT MEDICAL "SUPERVISION FOR SUCH A SERIOUS MEDICAL INJURY SUCH AS MR COCROFT SUFFERED.

PLAINTIFF MR FREDRICK COCROFT _____ HAS NOW INFACT
PRESENTED A CLAIM BASED ON PROCEDURAL CIVIL
RIGHT(S) VIOLATION(S) AND CONSTITUTIONAL VIOLATION(S)
(ALL) CAUSING SEVERE HARM TO THE PLAINTIFF
TORT AND TORT CLAIM of INJURY CAN BE DISCUSSED
(BY) THIS NORTHERN DISTRICT COURT.

MR COCROFT NOW (ALSO) DUE TO MENTAL DURESS
AND MEDICATION ASK(S) THIS HONORABLE COURT TO
APPOINT COUNSEL / AN ATTORNEY TO REPRESENT THIS
PETITIONER / PLAINTIFF IN THIS CIVIL CLAIM.

PLAINTIFF COCROFT (ALSO) REQUEST A JURY TRIAL
AS TO REVEAL THE TRUE IMPROPER AND UNPROFESS-
IONAL LIKE CONDUCT COMMITTED (BY) THE DEFENDANT
UNIVERSITY of ILLINOIS (CHICAGO) (U I C).

DATE: Aug. 31 - Sept. 2
2012

10

STATE OF ILLINOIS    )
                  )    SS
COUNTY OF Cook  )

## AFFIDAVIT

I, MR FREDRICK COCROFT _Fredrie Cocroft_, hereby declare
under penalty of perjury that the following is true and correct based upon my personal
knowledge and that I am competent to testify thereto if called upon as a witness.

THAT (ALL) STATEMENTS MADE IN THIS ACTION
FOR CIVIL RIGHTS VIOLATION(S) MADE (BY) THE
PLAINTIFF MR FREDRICK COCROFT ARE INFACT
TRUE, AND I WILL TESTIFY TO ALL STATEMENT(S)
MADE HERE IN IN OPEN COURT I AM REQUEST-
ING A TRIAL.

/S/. _Fredrik Cocroft_
Date: 12-23-15

Subscribed and sworn to before me this 3rd Day of December,
2015.

_Kassidy L. Timmons_
Notary Public

**OFFICIAL SEAL**
**KASSIDY L. TIMMONS**
Notary Public - State of Illinois
My Commission Expires 9/28/2019

V.    **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

PLAINTIFF COCROTT IN THIS CASE HAS INFACT PRESENTED VIOLATION(S) of HIS CIVIL AND CONSTITUTIONAL RIGHTS THESE VIOLATION(S) WERE INFACT COMMITTED (BY) NAMED DEFENDANT (UIC)(ALSO) PROCEDURIAL FAILURE(S) WHICH CAUSED SEVERES INJURIES(S) TO THE PLANTIFF PLANTIFF (ASK(S) FOR JURY TRIAL

VI.   The plaintiff demands that the case be tried by a jury.  ☒ YES    ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this **28** day of *Dec.*, 20 *15*

/S/ Fredrie Cant
(Signature of plaintiff or plaintiffs)

Fredrick, Cocroft
(Print name)

N62451
(I.D. Number)

Hill Correctional Center
P.O. BOX 1700 Galesburg IL, 61402
(Address)

6

Revised 9/2007

ILL SUPPORT OF THE PLAINTIFF COCROFT

EXH 1-3

## § 127 NEGLIGENCE  Ch. 8

the duty arises, it is not necessary that it shall allege in express terms that it was the duty of defendant to do or not to do a particular thing.[74]

A complaint which states facts from which the law raises the duty of defendant to exercise reasonable care to avoid injury to plaintiff, a breach of that duty by defendant, and injury to plaintiff resulting from such breach states a cause of action.[75] The allegations of the complaint must show that the injury of the plaintiff resulted from the defendant's violation of duty[76] and set forth facts showing the connection between the negligence of the defendant and the injury sustained by the plaintiff.[77] It is not essential, however, for the complaint to go further and allege that defendant knew, or ought to have known, that injury would result from his or her own negligence.[78]

### Description of situation

The description of a situation may show a duty without the direct allegation of such a duty.—Riordan v. Chicago City Ry. Co., 178 Ill. App. 323 (1st Dist. 1913).

### How negligence caused injury

In an action for injury received from the carelessness of the defendant, the complaint must show in what way his carelessness occasioned or produced the injury.—Strain v. Strain, 14 Ill. 368 (1853).

74. Ramsay v. Tuthill Bldg. Material Co., 295 Ill. 395, 129 N.E. 127, 36 A.L.R. 23 (1920).

Moore v. Ohio Oil Co., 241 Ill. App. 388 (4th Dist. 1926).

75. Flanagan v. Wells Bros. Co., 237 Ill. 82, 86 N.E. 609 (1908) (injury from falling timber).

Langan v. Enos Fire Escape Co., 233 Ill. 308, 84 N.E. 267 (1908) (drill dropped on plaintiff while on fire escape).

77. Barham v. Knickrehm, 277 Ill. App. 3d 1034, 214 Ill. Dec. 721, 661 N.E.2d 1166 (3d Dist. 1996).

Kirchoff v. Tanberg's Park "N" Shop Food Stores, 7 Ill. App. 2d 201, 129 N.E.2d 279 (4th Dist. 1955) (where complaint alleged that plaintiff, a customer in defendant's grocery store, was injured when mislabeled root beer bottle exploded, complaint did not state cause of action, since it did not state any fact showing failure of defendant to perform duty proximately resulting in injury).

### Breach of duty by installer

In hotel patron's action against installer of elevator cables for injuries sustained when cable broke, complaint alleging that defendant undertook to repair, and performed and supervised work and installation of safety devices, that defendant had duty of ordinary care, but carelessly installed cable so that it kinked and twisted, causing cable to break, and that defendant negligently removed safety devices, stated a cause of action.—Petrauskas v. Wexenthaller Management, Inc., 186 Ill. App. 3d 820, 134 Ill. Dec. 556, 542 N.E.2d 902 (1st Dist. 1989).

### Icy slope

Allegations that slope existed in area where worker slipped and fell on icy pavement was insufficient to impose liability on plant owner when injured person did not allege that slope aggravated or caused unnatural accumulation of ice or snow—Pepperidge Farm, Inc. v. Bartholomew, Inc., 169 Ill. App. 3d 427, 119 Ill. Dec. 941, 523 N.E.2d 697 (4th Dist. 1988).

78. O'Rourke v. Sproul, 147 Ill. App. 699 (1st Dist. 1909).

## Ch. 8  NEGLIGENCE § 128

## § 128. —— Willful and Wanton Misconduct; Gross Negligence

Library References

CJS Negligence § 190
Negligence ⊜ 112

> To sufficiently plead willful and wanton misconduct, plaintiff must allege either deliberate intention to harm or utter indifference to or conscious disregard for the welfare of plaintiff.

To plead a cause of action for willful and wanton misconduct, plaintiff must allege sufficient facts to establish the existence of a duty, a breach of that duty, and an injury resulting from the breach.[79] Such misconduct must be shown through well-pled facts, and not by merely labeling the conduct willful and wanton.[80] Accordingly, a mere conclusory allegation of willful and wanton conduct is not sufficient.[81] However, an allegation of personal injury is not necessary.[82]

To sufficiently plead willful and wanton misconduct, plaintiff must allege either deliberate intention to harm or utter indifference to or conscious disregard for the welfare of plaintiff.[83]

A defendant's duty to exercise care for the safety of others is an element in a charge of willful and wanton misconduct and property

79. Block v. Lohan Associates, Inc., 269 Ill. App. 3d 745, 206 Ill. Dec. 202, 645 N.E.2d 207 (1st Dist. 1993), reh'g denied, (Oct. 8, 1993).

Northern Trust Co. v. Halas, 257 Ill. App. 3d 565, 195 Ill. Dec. 850, 629 N.E.2d 158 (1st Dist. 1993).

80. Dowd and Dowd, Ltd. v. Gleason, 284 Ill. App. 3d 915, 220 Ill. Dec. 37, 672 N.E.2d 854 (1st Dist. 1996), appeal allowed, 171 Ill. 2d 564, 222 Ill. Dec. 430, 677 N.E.2d 964 (1997) and judgment aff'd in part, rev'd in part on other grounds, 181 Ill. 2d 460, 230 Ill. Dec. 229, 693 N.E.2d 358 (1998).

Winfrey v. Chicago Park Dist., 274 Ill. App. 3d 939, 211 Ill. Dec. 46, 654 N.E.2d 508 (1st Dist. 1995).

81. Snyder v. Olmstead, 261 Ill. App. 3d 986, 199 Ill. Dec. 703, 634 N.E.2d 756 (3d Dist. 1994).

Koh v. Village Greens of Woodbridge, 158 Ill. App. 3d 226, 110 Ill. Dec. 677, 511 N.E.2d 854 (2d Dist. 1987).

Newby by Newby v. Lake Zurich Community Unit Dist. 95, 136 Ill. App. 3d 92, 90 Ill. Dec. 778, 482 N.E.2d 1061, 27 Ed. Law Rep. 904 (2d Dist. 1985).

82. Drs. Sellke & Conlon, Ltd. v. Twin Oaks Realty, Inc., 143 Ill. App. 3d 168, 96 Ill. Dec. 633, 491 N.E.2d 912 (2d Dist. 1986).

83. Adkins v. Sarah Bush Lincoln Health Center, 129 Ill. 2d 497, 136 Ill. Dec. 47, 544 N.E.2d 733 (1989).

Yurcich v. Sole, 259 Ill. App. 3d 311, 197 Ill. Dec. 545, 631 N.E.2d 767 (4th Dist. 1994).

included in a count of a complaint charging such misconduct.[84] A charge of "reckless" and "wanton" misconduct is tantamount to a charge of willful and wanton misconduct.[85]

Where the facts alleged do not show that defendant intended to inflict an injury, allegations that the act was committed willfully, recklessly, wantonly, purposely, or unlawfully are not sufficient to charge willful negligence or injury,[86] and complaints for personal injury alleging mere intentional omission to perform a duty, or intentional doing of an act contrary to duty, although culpable and resulting in injury, without further averment do not state that the injury was intentionally or wantonly inflicted.[87]

In a negligence action, counts charging negligence and willful or wanton misconduct are not in the same class and do not charge the same or similar offenses.[88] However, a personal injury action may be tried under a complaint, the separate counts of which charge negligence and willful and wanton misconduct, notwithstanding the rules of law as applied to the separate counts of such a complaint are not the same.[89] Allegations for willful and wanton conduct will not fail simply because they mirror allegations for negligence and merely change the state of mind.[90]

A characterization of defendant's negligence as gross in a complaint does not change the legal effect of the allegation from what it would have been had the term "negligence" alone been used.[91] In an action to recover compensatory damages it is sufficient to allege that the acts or omissions complained of resulted from the negligence or carelessness of the defendant; it is not necessary that the complaint charge the negligence to have been gross, and where the right of

84. Recll, for Use of Haskin v. Central Illinois Elec. & Gas Co., 317 Ill. App. 106, 45 N.E.2d 500 (2d Dist. 1942).

85. Ames v. Armour & Co., 257 Ill. App. 449 (1st Dist. 1930).

86. Cox v. Kroger Co., 9 F.R.D. 78 (E.D. Ill. 1949).

87. Burns v. Chicago & A.R. Co., 229 Ill. App. 170 (3d Dist. 1923).

88. O'Neall v. Blair, 261 Ill. App. 470 (3d Dist. 1931).

89. Layton v. Ogonoski, 256 Ill. App. 461 (4th Dist. 1930).

90. Yurctiki v. Sole, 259 Ill. App. 3d 311, 197 Ill. Dec. 545, 631 N.E.2d 767 (4th Dist. 1994).

91. Kelly v. Malott, 135 F. 74 (CCA 7th Cir. 1905).

---

recovery depends on the existence of gross or willful negligence the matter is one of proof and not of pleading.[92]

## § 129. Answer

**The defendant's answer in a negligence case should deny the material averments of the complaint, and failure to do so may amount to an admission of their truth.**

**Library References**

CJS, Negligence § 196

Negligence ⌐ 115-117

The defendant's answer in a negligence case should deny all material allegations of the complaint,[93] and failure to do so may amount to an admission of their truth.[94]

If a defendant wishes to assert an affirmative defense, he or she is required to specifically plead it.[95] The failure to plead an affirmative defense, which would likely take the opposite party by surprise, waives the asserted defense.[96]

## § 130. Matters to be Proved under Pleadings

**The plaintiff in a negligence action must prove the essential allegations of his or her complaint, such as those relating to the defendant's duty toward the plaintiff, his or her breach thereof, and resultant injury.**

**Library References**

CJS, Negligence § 200

Negligence ⌐ 119(1)

The plaintiff must prove all essential allegations of his or her complaint,[97] and, generally speaking, the existence of a duty on the

92. Kelley v. Baggott, 273 Ill. App. 580 (4th Dist. 1934).
Chicago, B. & O.R. Co. v. Mehisack, 44 Ill. App. 124 (1st Dist. 1892).

93. 65A CJS, Negligence § 196.

94. Brown v. Richardson, 177 Ill. App. 488 (1st Dist. 1913) (as to defendant's possession and control of premises where injury occurred).

95. Carlson v. City Const. Co., 239 Ill. App. 3d 211, 179 Ill. Dec. 568, 606 N.E.2d 400 (1st Dist. 1992).

Perschall v. Raney, 137 Ill. App. 3d 978, 92 Ill. Dec. 431, 484 N.E.2d 1286 (4th Dist. 1985).

96. Blackburn v. Johnson, 187 Ill. App. 3d 557, 135 Ill. Dec. 200, 543 N.E.2d 583 (4th Dist. 1989).

97. May v. Illinois Power Co., 342 Ill. App. 370, 96 N.E.2d 631 (4th Dist. 1951).
Cope v. Air Associates, Inc., 283 Ill. App.

Case: 1:16-cv-00080 Document #: 1 Filed: 01/04/16 Page 15 of 27 PageID #:57

13B Am Jur Legal Forms 2d, Negligence §§ 183:1–183:16
Mirza, Illinois Personal Injury, Volume 2, Chapter 212; Volume 2A, Chapter 213
West's Illinois Digest 2d, Negligence ⊜ 102–106

## § 119. Cause or Right of Action

The essential elements of a cause of action for negligence consist in the existence of a duty to protect the plaintiff from an injury, breach of such duty, and a legal injury resulting from such violation.

**Library References**

CJS, Negligence § 175
Negligence ⊜ 102, 103

In a cause of action alleging negligence, a plaintiff must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of that duty;[1] In other words, the cause of action for negligence is the act done or omitted by defendant affecting plaintiff which causes a grievance for which the law affords a remedy.[2]

A plaintiff injured by the wrongful act of another to which neither he or she, nor any one for whom he or she was responsible, contributed, is entitled to damages from the wrongdoer.[3] The "injury" referred to as an essential element of the cause of action means merely an invasion of a right or legal injury, and does not necessitate actual damage or physical injury of the plaintiff in order to establish a cause of action for negligence.[4]

1. Ross v. City of Chicago, 168 Ill. App. 3d 83, 118 Ill. Dec. 760, 522 N.E.2d 215 (1st Dist. 1988).

Romano v. Bittner, 157 Ill. App. 3d 15, 109 Ill. Dec. 856, 510 N.E.2d 924 (2d Dist. 1987).

2. Lee v. Republic Iron & Steel Co., 241 Ill. 372, 89 N.E. 655 (1909).

Mooney v. City of Chicago, 239 Ill. 414, 88 N.E. 194 (1909).

3. City of Vandalia v. Ropp, 39 Ill. App. 344 (4th Dist. 1891).

**Common-law liability**
Where a person exercising due care is injured because of another person's failure to perform an assumed duty, a liability is created at common law—Consolidated

Coal Co. of St. Louis v. Scheiber, 65 Ill. App. 304 (4th Dist. 1896), aff'd, 167 Ill. 539, 47 N.E. 1052 (1897).

**Questions arising**
In contested actions to recover damages resulting from negligence, questions arise whether defendant's conduct amounted to negligence, if so, whether things causing injury resulted from such negligence as a natural and usual consequence, whether plaintiff was negligent, and, if so, whether plaintiff's negligence caused or proximately resulted—Miller v. Burch, 254 Ill. App. 387 (2d Dist. 1929).

4. Edwards v. Ely, 317 Ill. App. 599, 47 N.E.2d 344 (1st Dist. 1943).

---

Negligence and willful and wanton misconduct are distinct cause of action.[5]

*Economic loss.*

In general, purely economic losses are not recoverable in a negligence action,[6] but an exception to this general rule has been recognized in certain cases of professional malpractice.[7] Furthermore, economic loss is recoverable where one who is in the business of supplying information for the guidance of others in their business transactions makes negligent representations.[8]

*Personal injury.*

One suffering an injury to his or her person because of the negligent act of another has a right[9] of action for personal injury at common law independently of statute.[9]

## § 120. What Law Governs

Negligence is determined by the law of the state that has the most significant relationship to the occurrence and the parties.

**Library References**

CJS, Negligence § 177
Am Jur 2d, Negligence § 5
Negligence ⊜ 103.5

Negligence is a substantive issue and is determined by the law of the state that has the most significant relationship to the occurrence and the parties.[10] In determining which jurisdiction has the most

5. Hough v. Mooningham, 139 Ill. App. 3d 1018, 94 Ill. Dec. 404, 487 N.E.2d 1281 (5th Dist. 1986).

6. Fireman's Fund Ins. Co. v. SEC Dono-hue, Inc., 176 Ill. 2d 160, 223 Ill. Dec. 424, 679 N.E.2d 1197 (1997).

7. Fireman's Fund Ins. Co. v. SEC Dono-hue, Inc., 176 Ill. 2d 160, 223 Ill. Dec. 424, 679 N.E.2d 1197 (1997).

8. Collins v. Reynard, 154 Ill. 2d 48, 180 Ill. Dec. 672, 607 N.E.2d 1185 (1992) (lawyer).

9. Prouty v. City of Chicago, 250 Ill. 222, 95 N.E. 147 (1911).

10. Laport v. Lake Michigan Manage-ment Co., Inc., 252 Ill. App. 3d 221, 192 Ill. Dec. 41, 625 N.E.2d 1 (1st Dist. 1991).

Beffa v. Terminal R.R. Ass'n of St. Louis, 208 Ill. App. 3d 7, 152 Ill. Dec. 905, 566 N.E.2d 846 (5th Dist. 1991).

**Factors**
When applying the most significant relationship test, the court should consider where the injury occurred; where the injury-causing conduct occurred; the domicile of the parties; and where the relationship of the parties is centered.—Esser v. McIn-tyre, 169 Ill. 2d 292, 214 Ill. Dec. 693, 661 N.E.2d 1138 (1996).

ILLINOIS DEPARTMENT OF CORRECTIONS

MENTAL HEALTH PROGRESS NOTE

Offender Name: CoCroft, Fredrick    ID#: N62451    DOB: _____
Last, First, MI

S = subjective, offender self-report of presenting problem; O = objective, clinician view of presenting problem; A = assessment, clinician assessment of offender; P = plan, current plan, link to treatment plan

Session Date/Time: 1/9/15    Session Duration: _____

| Appearance: | ☑ Appropriate | ☐ Inappropriate | Concentration: | ☑ Appropriate | ☐ Inappropriate |
| Behavior: | ☑ Appropriate | ☐ Inappropriate | Memory: | ☑ Appropriate | ☐ Inappropriate |
| Mood: | ☑ Appropriate | ☐ Inappropriate | Speech: | ☑ Appropriate | ☐ Inappropriate |
| Affect: | ☑ Appropriate | ☐ Inappropriate | Thoughts: | ☑ Appropriate | ☐ Inappropriate |

Subjective, Objective, Assessment

prozac 20mg HS
trazadone 50 HS

S: Pt. reports
he continues
to have social
Anxiety & Anxiety
attacks. Paranoid
of others.
⊕ Depressed mood.
Does enjoy
reading. Sleeping
well.

O: See Above MSE

Plan

A/P
Anxiety D/o NOS

plan

↑ prozac 40mg
then 60mg

Continue trazadone 50

Consider propranolol
next visit, if
anxiety not better

F/u 1 month

Clinician Name (Print): BEDNARZ

Facility: Hill Correctional Center

Signature: _____ MD
Title: Staff Psychiatrist

Distribution   Offender Medical File

Printed on Recycled Paper

DOC 0282 (Rev. 8/2012)

1/10/15
Noted
M. Smith

ILLINOIS DEPARTMENT OF CORRECTIONS

**Mental Health Evaluation**

---

**Narrative Summary and Diagnostic Impressions**
*(Provide evidence to support diagnosis and any relevant social concerns that contribute to the overall clinical picture. Include current risk assessment, including homicidal thinking, impulse control, insight and judgment.)*

Axis I: Social Anxiety

Axis II: Defer

Axis III: See Medical Chart

Axis IV: Incarceration

Axis V: 50

LOC: Outpatient, Residential, Inpatient

Acuity: 2

Plan: Group Y or N

Psychiatrist Y or No

Which Doctor: Dr. B or Dr. N

Starting meds. Saw Dr yesterday. Getting
along with others well.

---

**Disposition** (Check one):

☒ General Outpatient Unit ☐ Special/Residential Treatment Unit
☐ Crisis Placement ☐ Inpatient Referral
☐ Medical Referral

---

Evaluation completed by:

Jennifer L. Streets _____ LCPC _____ 4/21/15
Print Name _____ Signature _____ Title _____ Date

Page 11 of 11

ILLINOIS DEPARTMENT OF CORRECTIONS

**Mental Health Evaluation**

- Does the offender experience paranoid delusions? ..................................................... ☐ No ☐ Yes

  1 – Does the offender report being afraid that people are out to get him or her?............ ☐ No ☐ yes

  2 – Has the offender ever been withdrawn or isolative?............................................... ☑ No ☐ Yes

  If yes, identify which: ☐ Withdrawn ☐ Isolative

  3 – What does the offender report as things that worry him or her? _More, health)_

  4 – Does the offender believe he or she has control of his or her own mind?..................... ☐ No ☐ Yes

  5 - Does the offender believe he or she can read other people's minds? ...................... ☐ No ☐ Yes

  5 – Does the offender believe that others are putting thoughts into his or her mind?............ ☐ No ☐ Yes

  7 – Does the offender believe that he or she has a special mission for God? ................... ☐ No ☐ yes

  8 – Does the offender believe that he or she has a special mission for the government? ......... ☐ No ☐ Yes

- Does the offender report having hallucinations? ...................................................... ☐ No ☐ Yes

- Does the offender report hearing voices? ............................................................... ☐ No ☐ Yes

  If yes,

  1 - Whose voice(s) does the offender hear? _____ Ø _____

  2 - Does the offender hear the voice(s) everyday? _____ Ø _____

  3 - How many times per day does the offender report hearing the voice(s)? ____ Ø ____

  4 - Does the offender report that the voice(s) is coming from: ☐ Inside his or her head ☐ Outside his or her head

  5 - At what age did the offender begin hearing voice(s)? _____ Ø _____

  6 - What does the offender report the voice(s) say? _____ Ø _____

  _____

  _____

  _____

  7 - Is the offender able to ignore the voices?........................................................ ☐ No ☐ Yes

  8 - Does the offender obey the voices? ............................................................... ☐ No ☐ Yes

  9 - What does the offender do to make the voices go away? ..................................... ☐ No ☐ Yes

- Does the offender report having a history of strange, odd, or very peculiar things happening to him or her?

  Note offender comments: _____ Ø _____

  _____

  _____

  _____

- Does the offender report unusual visual perceptions? .............................................. ☑ No ☐ Yes

*If feigning or exaggeration of symptoms is suspected, ask appropriate questions and report in narrative summary.*

| Historian: | ☐ Very reliable | ☑ Fairly reliable | ☐ Fair/Poor | ☐ Inconsistent | ☐ Unreliable |
|---|---|---|---|---|---|

Page 10 of 11

Distribution: Offender Medical File    Printed on Recycled Paper    DOC 0374 (Rev. 2/2014)

ILLINOIS DEPARTMENT OF CORRECTIONS

MENTAL HEALTH PROGRESS NOTE

Offender Name: Cocroft, Fredrick   ID#: N62451   DOB: _____
_____
Last, First, MI

S = subjective, offender self-report of presenting problem; O = objective, clinician view of presenting problem; A = assessment, clinician assessment of offender; P = plan, current plan, link to treatment plan

Session Date/Time: 6/1/15     Session Duration: _____

| | | | | | |
|---|---|---|---|---|---|
| Appearance: | ☑ Appropriate | ☐ Inappropriate | Concentration: | ☑ Appropriate | ☐ Inappropriate |
| Behavior: | ☑ Appropriate | ☐ Inappropriate | Memory: | ☑ Appropriate | ☐ Inappropriate |
| Mood: | ☑ Appropriate | ☐ Inappropriate | Speech: | ☑ Appropriate | ☐ Inappropriate |
| Affect: | ☑ Appropriate | ☐ Inappropriate | Thoughts: | ☑ Appropriate | ☐ Inappropriate |

**Subjective, Objective, Assessment**

HPI: 52 year old AA Male was on medications in past for Anxiety. Reports he misses Chow 2° to Anxiety. Sleeping 10-7am. Down Depressed. Out Date 2022. Isolates Frequently, has had chronic problems with sleep

Past Y History: Pt. has had one past Y hospitalization related to substance Abuse. NO Suicide Attempts. Was on Zoloft. —

**Plan**

Medical History: HTN.

No Allergies.

MSE: See Above

A/P

MDD i Anxiety

plan

Start prozac 20mg HS
trazadone 50 HS

F/u 1month

noted 5
6·1·15 [signature]

Clinician Name (Print): Bednarz      Signature: [signature]

Facility: Hill                        Title: MD

## CERMAK HEALTH SERVICES OF COOK COUNTY
### Cook County Health & Hospitals System
### PATIENT TRANSFER MEDICAL SUMMARY

Printed On: 04/30/2015 07:02

Page # 1

| CCDOC# | NAME | GENDER | DOB | MRN# |
|---|---|---|---|---|
| 20121026088 | COCROFT, FREDRICK | Male | 08/23/1962 | 155340 |

Encounter Status: Active, intake date: 10/26/2012
Medical Classification: N/A
Mental Health Classification: N/A

### Active Medication Orders Before Discharge/Transfer : 1

metoprolol 50 mg XL (KOP) 50 MG, 1 TAB, PO, Daily kop
Start Dt:04/10/2015 09:00 Stop Dt:07/03/2015 08:59

### Recent Lab Results Summary:

N/A

### Alerts Active Before Discharge/Transfer :

N/A

### Upcoming Appointments (In 30 Days) :

N/A

### Radiology: Latest Chest Screening Result :

Indication: Screening

PA view of the chest.

Findings:
The lungs are clear of suspicious infiltrates.

Impression:
No radiographic findings to suggest acute TB.

Electronically signed by: KYUNG YOO
Date: 10/29/12
Time: 10:14

### *** End of Patient Medical Summary ***

ILLINOIS DEPARTMENT OF CORRECTIONS

MENTAL HEALTH PROGRESS NOTE

Offender Name: Cocroft, Fredrick
Last, First, MI
ID#: N62451
DOB: 8-23-62

S = subjective, offender self-report of presenting problem; O = objective, clinician view of presenting problem; A = assessment, clinician assessment of offender; P = plan, current plan, link to treatment plan

Session Date/Time: 7-28-15  9:40am    Session Duration: 10 minutes

| | | | | | |
|---|---|---|---|---|---|
| Appearance: | ☒ Appropriate | ☐ Inappropriate | Concentration: | ☒ Appropriate | ☐ Inappropriate |
| Behavior: | ☒ Appropriate | ☐ Inappropriate | Memory: | ☒ Appropriate | ☐ Inappropriate |
| Mood: | ☒ Appropriate | ☐ Inappropriate | Speech: | ☒ Appropriate | ☐ Inappropriate |
| Affect: | ☒ Appropriate | ☐ Inappropriate | Thoughts: | ☒ Appropriate | ☐ Inappropriate |

Subjective, Objective, Assessment

S: I/m reports that he is currently on medication. Although it was recently increased, I/m reported that he has not noticed any changes in his anxiety symptoms. I/m said that he has been slipping yard and dinner that's due to his "social anxiety." Discussed anxiety reduction techniques, such as breathing techniques and progressive muscle relaxation. Explored ways for the I/m to challenge thoughts as well. I/m did not report any issues with his cellie, and he had nothing further to report to mental health at this time.

O. Unremarkable. Normal speech. Coherent thought process. Appropriate affect and eye contact.

Plan

Assessment: Anxiety Disorder NOS

A:2

P: f/u with psychiatrist. Continue care as planned.

E: Anxiety reduction Strategies (deep breathing, progressive muscle relaxation) Challenging thoughts. Process of getting in to see the psychiatrist.

Clinician Name (Print): Ashley Flores

Facility: Hill Correctional Facility

Signature: Ashley Flores

Title: LPC

ILLINOIS DEPARTMENT OF CORRECTIONS

MENTAL HEALTH PROGRESS NOTE

Offender Name: Cocroft, Fredrick   ID#: N62451   DOB: _____
Last, First, MI

S = subjective, offender self-report of presenting problem; O = objective, clinician view of presenting problem; A = assessment, clinician assessment of offender; P = plan, current plan, link to treatment plan

Session Date/Time: 8/24/15          Session Duration: _____

| | | | | | |
|---|---|---|---|---|---|
| Appearance: | ☒ Appropriate | ☐ Inappropriate | Concentration: | ☒ Appropriate | ☐ Inappropriate |
| Behavior: | ☒ Appropriate | ☐ Inappropriate | Memory: | ☒ Appropriate | ☐ Inappropriate |
| Mood: | ☒ Appropriate | ☐ Inappropriate | Speech: | ☒ Appropriate | ☐ Inappropriate |
| Affect: | ☒ Appropriate | ☐ Inappropriate | Thoughts: | ☒ Appropriate | ☐ Inappropriate |

Subjective, Objective, Assessment

S:

prozac 60 mg HS
trazadone 50 HS

S: pt. Reports
sleeping well.
10 pm - 7 30 AM.
Continues to
have Anxiety,
Depression, Avoidance
Behavior continues.
Compliant c above
medication. Ɵ
paranoid ideation.

O: SEE MSE Above

Plan

A: MDD c̄ insomnia
P:

plan

Start propranolol
20mg BID
continue prozac &
trazadone

F/u 1 month

consider anti psychotic
IF paranoa worsens
noted 8/24/15

E:

Clinician Name (Print): Bednarz

Facility: Hill Correctional Center

Signature: _____

Title: _____

ILLINOIS DEPARTMENT OF CORRECTIONS

MENTAL HEALTH PROGRESS NOTE

Offender Name: Cocrolt Frehlich    ID#: 1162457    DOB: 8-23-62
Last, First, MI

S = subjective, offender self-report of presenting problem; O = objective, clinician view of presenting problem; A = assessment, clinician assessment of offender; P = plan, current plan, link to treatment plan

Session Date/Time: 8-31-15   11:45am    Session Duration: 10 minutes

| | | | | | | |
|---|---|---|---|---|---|---|
| Appearance: | ☐ Appropriate | ☐ Inappropriate | Concentration: | ☐ Appropriate | ☐ Inappropriate |
| Behavior: | ☐ Appropriate | ☐ Inappropriate | Memory: | ☐ Appropriate | ☐ Inappropriate |
| Mood: | ☐ Appropriate | ☐ Inappropriate | Speech: | ☐ Appropriate | ☐ Inappropriate |
| Affect: | ☐ Appropriate | ☐ Inappropriate | Thoughts: | ☐ Appropriate | ☐ Inappropriate |

**Subjective, Objective, Assessment**

I/m reports that he is currently on medication, and he believes that it wasn't working. However, he was given a new medication about a week ago, and he is going to see if that works for his anxiety. Discussed relaxation strategies, such as deep breathing, going outside, and creating lists to motivate him and prevent isolation. I/m said he was getting along with his cellie, and that there were no issues to report. I/m had nothing further to report to mental health at this time.

O. unremarkable, polite, normal speech coherent thought process, open to suggestions. Appropriate affect and eye contact.

Assessment: MDD with Insomnia

A: 2

**Plan**

continue care as planned.

E. relaxation strategies, such as deep breathing, going outside, and creating helpful lists.

Clinician Name (Print): Ashley Flores    Signature: [signature]

Facility: Hill C.C.    Title: LPc

Printed on Recycled Paper

DOC 0282 (Rev. 6/2012)

ILLINOIS DEPARTMENT OF CORRECTIONS

MENTAL HEALTH PROGRESS NOTE

Offender Name: __Cocroft   Faderick__   ID#: __N62451__   DOB: __8-23-62__
Last, First, MI

S = subjective, offender self-report of presenting problem; O = objective, clinician view of presenting problem; A = assessment, clinician assessment of offender; P = plan, current plan, link to treatment plan

| Session Date/Time: 9-21-15, 1:10pm | Session Duration: 10 minutes |
|---|---|
| Appearance: ☒ Appropriate ☐ Inappropriate | Concentration: ☒ Appropriate ☐ Inappropriate |
| Behavior: ☒ Appropriate ☐ Inappropriate | Memory: ☒ Appropriate ☐ Inappropriate |
| Mood: ☒ Appropriate ☐ Inappropriate | Speech: ☒ Appropriate ☐ Inappropriate |
| Affect: ☒ Appropriate ☐ Inappropriate | Thoughts: ☒ Appropriate ☐ Inappropriate |

**Subjective, Objective, Assessment**

I/A / staff referral. I'm felt that he was feeling more lethargic after taking the morning medication. I'm wants to speak with the psychiatrist to stop the morning medication. The night medication seemed to work for him however. I'm has found that medication has helped him to cope in the meantime. Outside of the issues with the medication, I'm felt that he was "doing alright" and coping well at this time. I'm had nothing further to report to mental health.

O. Polite, formal speech and appearance. Coherent thought process. Appropriate affect, and eye contact. Poor judgment associated with medication noncompliance.

Assessment: MDD with Insomnia

LOC: Outpatient

**Plan**

- Interventions: Informed of importance of medication compliance / getting in to see the psychiatrist.
- Refer to psychiatrist
- F/u in 1 month

Prognosis: Good

| Clinician Name (Print): Ashley Flores | Signature: Ashley Flores |
|---|---|
| Facility: Hill C.C. | Title: LPC |

**Evaluation of Suicide Potential**

---

**Follow-up**

NOTE: If evaluation was completed by someone other than a MHP/Psychiatrist, follow-up must be completed by (MHP/Psychiatrist).

| Print Name | Signature | Date | Time |
|---|---|---|---|
| | | | |

Summary of follow-up and interventions/recommendations (if any): _____

Todd meds 3 yrs ago
Having trouble again
Both

---

Distribution: Offender Medical File

Page 3 of 3
*Printed on Recycled Paper*

DOC 0379 (Rev. 2/2014)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Mental Health Evaluation

**Medical – Female Specific:** ☒ Not Applicable

- Is the offender currently pregnant?  ☐ No  ☐ Yes – expected due date: _____
- Does the offender have a history of post-partum depression?  ☐ No  ☐ Yes
  If yes, explain: _____
  _____
  _____
  _____

- Does the offender have a history of mood issues related to menstruation?  ☐ No  ☐ Yes
  If yes, explain: _____
  _____
  _____
  _____

- Does the offender have a history of mood issues related to menopause?  ☐ No  ☐ Yes
  If yes, explain: _____
  _____
  _____
  _____

- Does the offender have a history of mood issues related to hysterectomy?  ☐ No  ☐ Yes
  If yes, explain: _____
  _____
  _____
  _____

**Psychotropic Medication Treatment:**

- Has the offender previously been prescribed psychotropic medication(s)?  ☐ No  ☒ Yes
  - If yes, list all medications: _Prozac_
    _____
    _____
    _____

- Is the offender currently receiving psychotropic medication(s)?  ☐ No  ☒ Yes
  - If yes, list all medications and the last date taken: _Unknown just began_
    _____
    _____

Distribution:     Offender Medical File

Printed on Recycled Paper

DOC 0374 (Rev. 2/2014)